IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| QUINN LUNDGREN EAKER | § |
| | § |
| VS. | § CIVIL ACTION NO. 4:14-CV-443-O |
| | § |
| SECURED COLLATERAL | § |
| MANAGEMENT, ET AL. | § |

### FINDINGS, CONCLUSIONS, and RECOMMENDATION REGARDING FAILURE TO EFFECT SERVICE ON INDIVIDUAL DEFENDANTS MARY MOORE AND MARK NEWMAN

Plaintiff filed this suit against Defendants on June 12, 2014. Since that time, Plaintiff, after two attempts, has not been able to effect proper service on Defendants Mary Moore ("Moore") and Mark Newman ("Newman"). On June 18, 2014, *pro se* plaintiff Quinn Lundgren Eaker was granted permission to proceed in forma pauperis. Thereafter, on June 19, 2014, the Court issued an Order Regarding Completion and Service of Summons which provided instructions for the Plaintiff to complete the required forms so that service could be effected by the U.S. Marshals Service. On October 16, 2014, Eaker filed a Notice of Request for Repeat Service [doc. 17]. In the Notice, Plaintiff stated, "Please consider this your formal notice of Plaintiff's request for second attempted service concerning to all parties of record in matter no. 4: 14-CV-443-O (BJ) (i.e., Mary Moore)[.]" Because Defendants Moore and Newman did not appear to have been properly served in this action,[1] the Court, in an order dated November 19, 2014, gave Plaintiff a final opportunity to complete the appropriate forms to properly execute service. Plaintiff returned the required forms and the summonses were reissued as to Defendants Mary Moore ("Moore") and Mark Newman ("Newman"). On March 18, 2015, the U.S. Marshals Service filed a Process Receipt and Return

---

[1] Defendant Secured Collateral Management was apparently properly served as it filed an Answer on August 11, 2014.

showing that it was unable to locate anyone by the name of Newman at the listed address. No return has been filed for Moore.

"If a plaintiff has not effected proper service within 120 days of filing the complaint, the Court may either dismiss the action without prejudice or allow additional time for service." *Winegarner v. Cinemark Holdings, Inc.*, No. 4:09-CV-627, 2010 WL 2901871, at *4 (E.D. Tex. June 30, 2010) (citing Fed. R. Civ. P. 4(m)). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

In this case, the Court has given Eaker two opportunities to complete the necessary paperwork to get proper service effected on the individual Defendants and well over 120 days have passed since Eaker filed his Complaint. Because Plaintiff has been unable to get service properly effected on the individual Defendants and in the interests of justice, the Court recommends dismissing the individual Defendants without prejudice.

## RECOMMENDATION

It is recommended that, pursuant to Federal Rule of Civil Procedure 4(m), the individual Defendants be **DISMISSED WITHOUT PREJUDICE** from the above-styled and numbered cause.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. §

636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **April 9, 2015** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 24, 2015.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE