# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| QUINN LUNDGREN EAKER, | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | Civil Action No. 4:14-cv-443-O |
| SECURE COLLATERAL MANAGEMENT et al., | § § § | |
| **Defendants.** | § § § | |

### ORDER

Before the Court is Defendant Secure Collateral Management, LLC's ("SCM") Motion for Summary Judgment and Brief and Appendix in Support (ECF Nos. 25-26), filed March 30, 2015. Having considered the motion, the record, and the applicable law, the Court finds that the motion should be and is hereby **GRANTED**.

### I.    BACKGROUND

Plaintiff brought this action under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692(e). *See generally* Pl.'s Compl., ECF No. 1. This action arises out of Plaintiff's purchase and financing of a blue 2012 Toyota Prius. Specifically, Plaintiff alleges that Defendants made false and misleading representations of alleged debt and attempted to take the property via collection proceedings. *Id.* ¶ 3. Plaintiff also contends that Defendants engaged in "harassment, stalking, contacting members of the Eaker family, and intentional infliction of emotional distress," as well as "fail[ing] to notify and/or advise [Plaintiff] of his due process rights." *Id.* at ¶ 1.

On March 30, 2015, SCM moved for summary judgment. *See* SCM's Mot. Summ. J., ECF No. 25. Plaintiff did not file a response. Nonetheless, the motion is ripe for adjudication.

## II.  LEGAL STANDARD

Summary judgment is proper when the pleadings and evidence on file show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c).

When reviewing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. *Id.* at 250.

"A summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.). Allegations of pro se complaints are held to less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520

2

(1972). A plaintiff's pleadings must be liberally construed, and ambiguity must be viewed in the pro se plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Here, Plaintiff's failure to respond to SCM's purported facts allows the Court to consider SCM's facts undisputed for the purposes of the motion. *See* Fed. R. Civ. P. 56(e)(2). Furthermore, the Court may "grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).

## III.   ANALYSIS

Plaintiff brings causes of action under the FDCPA and for intentional infliction of emotional distress. The Court addresses each cause of action in turn, beginning with the FDCPA.

### A.   Violations of the FDCPA

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

> The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

*Id.* at § 1692a(6). To be held liable under the FDCPA, a defendant must be a "debt collector." *See Heintz v. Jenkins*, 514 U.S. 292, 292 (1995).

SCM contends that it is entitled to summary judgment because it is not a debt collector under the FDCPA; rather, it engages in "skip tracing" services. SCM's Br. Supp. Mot. Summ. J. 5-6, ECF No. 25. Skip tracing is the process of locating a debtor and his property's whereabouts. *See United*

3

*States v. Cummings*, 395 F.3d 392, 394 (7th Cir. 2005); *Goldstein v. Chrysler Fin. Co., LLC*, 276 F. Supp. 2d 687, 690 (E.D. Mich. 2003). The Fifth Circuit has not addressed whether skip tracing constitutes debt collecting for the purposes of the FDCPA. Other courts are split as to whether skip tracers constitute debt collectors under the FDCPA. *E.g.*, *compare id.* (finding skip-tracing firm did not fall within definition of debt collector in FDCPA) *with Shannon v. Windsor Equity Grp., Inc.*, No. 12-cv-1124-W(JMA), slip op. at 6-8 (S.D. Cal. Mar. 12, 2014) (finding that skip-tracing firm constituted debt collector under FDCPA because it engaged in indirect debt collection for another). However, because SCM did not engage in conduct prohibited by the FDCPA, the Court need not reach the issue of whether skip tracers are debt collectors under the statute.

Here, T.D. Auto Finance, LLC ("Toyota Financing") contracted with SCM to locate Plaintiff's vehicle. SCM's App. Supp. Mot. Summ. J. Ex. A (Farley Aff.), App. at 3-4, ECF No. 26; SCM's App. Supp. Mot. Summ. J. Ex. A-1 (Location Servs. Agreement), App. at 7-11, ECF No. 26. SCM was not able to make contact with Plaintiff but did leave two voice messages with Plaintiff, which Plaintiff did not personally return. Farley Aff., App. at 4, ECF No. 26. Plaintiff produced no evidence in support of his assertion that SCM engaged in harassment or stalking. Assuming *arguendo* that SCM constitutes a debt collector under the FDCPA, the two voice messages SCM left with Plaintiff do not amount to the conduct prohibited by the FDCPA. Accordingly, the Court finds that SCM is entitled to summary judgment as to the claims under the FDCPA.

**B.    Intentional Infliction of Emotional Distress**

To prove the intentional infliction of emotional distress, the plaintiff must show "1) the defendant acted intentionally or recklessly, 2) the conduct was extreme and outrageous, 3) the actions of the defendant caused the plaintiff emotional distress, and 4) the emotional distress suffered by the

4

plaintiff was severe." *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993) (citing Restatement (Second) of Torts § 46 (1965)). "Whether a defendant's conduct is 'extreme and outrageous' is a question of law." *Bradford v. Vento*, 48 S.W.3d 749, 758 (Tex. 2001).

In this case, Plaintiff produced no evidence in support of his assertion that SCM engaged in the intentional infliction of emotional distress. As discussed above, SCM provided evidence that it left two voice messages with Plaintiff, pursuant to its contract with Toyota Financing to locate Plaintiff's vehicle. Farley Aff., App. at 4, ECF No. 26. This does not amount to extreme and outrageous conduct. *See Bradford*, 48 S.W.3d at 758 ("[T]o be extreme and outrageous, conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.") (internal quotation marks and citation omitted). Accordingly, the Court finds that SCM is entitled to summary judgment as to Plaintiff's claim for intentional infliction of emotional distress.

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED** that SCM's Motion for Summary Judgment (ECF No. 24) is **GRANTED**.

**SO ORDERED** on this **7th day** of **May, 2015**.

Reed O'Connor
UNITED STATES DISTRICT JUDGE

5